# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| KARL EDWARD KRUSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-1504-TWP-TAB |
| | ) | |
| SEAN ANN BAXTER, | ) | |
| KEVIN KARL KRUSE, | ) | |
| | ) | |
| Defendants. | ) | |

## Entry and Order Dismissing Action

### I.

### A.

The plaintiff's request to proceed *in forma pauperis* [Dkt. 2] is **granted.**

### B.

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the court to "dismiss [an in forma pauperis] case at any time if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

"A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In applying this standard, "[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The plausibility requirement of Rule 8(a)(2) is defeated, however, when a plaintiff pleads himself out of court "by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th. Cir. 2008).

**C.**

Plaintiff Kruse has sued his parents for their alleged negligence in fulfilling their parental responsibilities. Whatever might be the historical accuracy of his allegations, Kruse has not asserted a claim which is cognizable in federal court. There is no allegation of state action, of a federal cause of action, nor of diversity of citizenship between Kruse and the defendants. The nature of the claims and even a portion of the relief he seeks, moreover, cannot be maintained here because of the domestic relations exception to this court's already limited jurisdiction. *Ankenbrandt v. Richards,* 504 U.S. 689, 703 (1992) (reaffirming the "domestic relations exception" to exercising diversity jurisdiction and noting that this exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees"); *Friedlander v. Friedlander,* 149 F.3d 739, 740 (7th Cir. 1998).

**II.**

The complaint fails to state a claim upon which relief can be granted. The action will therefore be dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/26/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Karl Edward Kruse
1199 Cavendish Dr.
Carmel, IN 46032